United States District Court
Southern District of Texas

**ENTERED**

January 23, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LEE ARTHUR HICKMAN, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-02696 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| POWELL INDUSTRIES, | § | |
| INC, | § | |
| Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Lee Arthur Hickman filed this lawsuit, asserting claims pursuant to 42 USC §§1981 and 1981a(b)(1), for "disparate treatment" caused by "a hostile work environment through harassment due to racial discrimination." Dkt 1 at 1–3.

Pending is a Memorandum and Recommendation by Magistrate Judge Richard W. Bennett, recommending that this case be dismissed without prejudice for failure to state a claim. Dkt 25. In short, it states that the complaint contains no allegations of discrimination or hostility based on race and thus fails to meet Plaintiff's burden of pleading "but for" causation. Id at 9–10. Judge Bennett recommended dismissal without prejudice, while allowing Plaintiff until December 30, 2025, to file an amended complaint, in the absence of which dismissal would be with prejudice.

Plaintiff filed what is titled as an amended complaint. But it states only objections, and so is construed as such. Dkt 26.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Hickman's objections lack merit.

Plaintiff objects that dismissal was improper because he hadn't yet had the opportunity to conduct discovery and gather corroborating evidence to prove his claims. Dkt 26 at 3–5. This misperceives the burden applicable at the pleading stage of litigation, where the sole inquiry is whether the complaint provides "the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). The possibility that discovery may later reveal *supporting evidence* is irrelevant to whether the complaint's *factual allegations* state a plausible claim for relief. Here, the complaint was deficient in that regard. The motion to dismiss was thus properly granted.

The objections to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 26.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 25.

A further motion to dismiss has been filed, given the curious nature of the filing at Docket 26. See Dkt 28. As such, determination as to whether this action should be dismissed with or without prejudice is reserved until further action by the Magistrate Judge as to that pending motion.

SO ORDERED.

Signed on  January 22, 2026 , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge