United States District Court
Southern District of Texas

**ENTERED**

April 20, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LEE ARTHUR HICKMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-2696** |
| | § | |
| **POWELL INDUSTRIES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Powell Industries, Inc.'s ("Powell Industries") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 28) and Plaintiff Lee Arthur Hickman's ("Plaintiff") Motion to Compel Discovery (ECF No. 29). The Court has considered the motions, all relevant filings, and the applicable law. For the reasons below, the Court **RECOMMENDS** Powell Industries' Motion to Dismiss (ECF No. 28) be **GRANTED**, Plaintiff's action be **DISMISSED WITH PREJUDICE**, and Plaintiff's Motion to Compel Discovery (ECF No. 29) be **DENIED**.

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 4).

## I.    Background

On June 10, 2025, Plaintiff filed this civil action *pro se*, pursuant to 42 U.S.C. §§ 1981 and 1981a(b)(1),[2] claiming Powell Industries subjected him to "disparate treatment" by "creating a hostile work environment through harassment due to racial discrimination." (ECF No. 1 at 1–3). On August 1, 2025, Powell Industries filed a motion to dismiss, arguing that Plaintiff's section 1981 claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) because the alleged conduct did not amount to a hostile work environment nor did his claims plausibly allege discriminatory intent. (ECF No. 12).[3] Plaintiff filed a response opposing dismissal. (ECF No. 13). On December 8, 2025, the Court issued a Memorandum and Recommendation recommending the District Judge grant the motion to dismiss and dismiss the action without prejudice for failure to state a claim, specifically finding that Plaintiff failed to allege facts supporting intentional discrimination, race-based harassment, or but-for causation. (ECF

---

[2] Plaintiff cited "42 U.S.C. § 1981(b)(1);" however, because section 1981 does not contain subsection (b)(1), and Plaintiff seeks punitive damages (*see* ECF No. 1 at 5; ECF No. 13 at 3–4), the Court assumes Plaintiff intended to reference section 1981a(b)(1) (determining punitive damages for cases of intentional discrimination in employment).

[3] Powell Industries also asserted that any Title VII claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust administrative remedies by failing to file a charge with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 12). In response, Plaintiff clarified his lawsuit was brought under 42 U.S.C. §§ 1981, 1981a(b)(1), not Title VII. (ECF No. 13 at 2).

No. 25).  The Court further recommended the District Judge grant Plaintiff leave to amend, with his amended complaint due by December 30, 2025.  (*Id.*).

On December 15, 2025, Plaintiff filed a document styled as an amended complaint.  (ECF No. 26).  On December 23, 2025, Powell Industries filed the instant renewed Motion to Dismiss.  (ECF No. 28).

On January 22, 2026, the District Judge entered an Order construing Plaintiff's filing as objections, overruled them, and adopted the prior Memorandum and Recommendation.  (ECF No. 30).  The District Judge reserved determination as to whether dismissal should be with prejudice and referred the matter to the Undersigned in light of Powell Industries's renewed Motion to Dismiss.  (*Id.*).

 Powell Industries now moves to dismiss Plaintiff's Amended Complaint, arguing that Plaintiff failed to cure the deficiencies previously identified and that dismissal with prejudice is warranted.  (*Id.*).  Plaintiff has also filed a Motion to Compel Discovery.  (ECF No. 29).  Powell Industries filed a response to the motion to compel (ECF No. 31), and Plaintiff filed a reply (ECF No. 32).

## II.   Legal Standard

### A. Motion to Dismiss

Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on "failure to state a claim upon which relief can be granted."  FED. R. CIV. P.

12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*

In reviewing a Rule 12(b)(6) motion, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause

of action." *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (citation modified).

### B. 42 U.S.C. § 1981

42 U.S.C. § 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). This right includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b); *see Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006) (holding that a plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes "to make and enforce").

Section 1981 applies in the employment context and is "a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). Courts recognize section 1981 claims alleging racial discrimination and retaliation in the employment contract context. *Ricks v. Friends of WWOZ, Inc.*, No. 18-cv-9767, 2019 WL 3858950, at *5 (E.D. La. Aug. 15, 2019). To establish a § 1981 claim, plaintiffs must allege that "(1) they are members of a racial minority; (2) [d]efendants intended to discriminate on the basis of race; and (3) the

5

discrimination concerned one or more of the activities enumerated in the statute"—e.g., making or enforcing a contract, including an employment contract. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017); *Ricks*, 2019 WL 3858950, at *5.

To state a prima facie case for racial harassment that created a hostile work environment, the plaintiff must establish the employee belongs to a protected group; the employee was subjected to unwelcome harassment; the harassment complained of was based on race; the harassment complained of affected a term, condition or privilege of employment; and the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 868 (N.D. Tex. 2008). For these § 1981 claims, "a plaintiff *must initially plead* and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Badaiki v. Schlumberger Holdings Corp.*, No. 4:20-cv-2216, 2021 WL 6010580, at *5 (S.D. Tex. Aug. 23, 2021), *report and recommendation adopted*, No. 4:20-cv-02216, 2021 WL 5542144 (S.D. Tex. Nov. 26, 2021), *and report and recommendation adopted*, No. 4:20-cv-02216, 2021 WL 5769276 (S.D. Tex. Dec. 6, 2021).

### III. Discussion

#### A. Plaintiff's Amended Complaint Fails to Cure the Pleading Deficiencies

Plaintiff's amended pleading does not significantly differ from his original complaint. Plaintiff repeats the same allegations that supervisors monitored him, falsely "accused him of violating company policies," and treated "foreign nationals" more favorably, without adding any factual content linking the alleged conduct to racial animus. (ECF No. 26 at 2).

As previously explained, conclusory assertions of unfair treatment or preferential treatment are insufficient to state a claim under § 1981. To state a discrimination claim under section 1981, a plaintiff must allege facts in support of "an intent to discriminate on the basis of race." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). Plaintiff, however, fails to allege any facts suggesting that the alleged conduct was based on race. He does not allege racial comments, discriminatory statements, or facts showing that similarly situated employees outside his protected class were treated more favorably under comparable circumstances.

Similarly, Plaintiff also does not allege facts sufficient to support a hostile work environment claim. To state a hostile work environment claim under § 1981, a plaintiff must allege facts to support that "the harassment complained of was based on race." *Miller*, 541 F. Supp. 2d at 868. The

7

allegations of Plaintiff's supervisors "follow[ing] him around," "accus[ing] him of violating company policies, namely fraternizing with other employees," and "ignor[ing] when foreign nationals from [the supervisors'] own countries were actually violating that . . . policy" does not rise to the level of severe or pervasive harassment, and Plaintiff again fails to connect such conduct to his race. (ECF No. 26 at 2). Plaintiff's reliance on generalized assertions that "foreign nationals" were treated differently remains insufficient. Such allegations do not establish racial discrimination or demonstrate that race motivated the alleged conduct. Put differently, Plaintiff fails to allege his supervisors' actions *toward him* "carried any racial connotation or motivation." *Badaiki*, 2021 WL 6010580, at *5; *see also Simmons v. Triton Elevator, LLC*, No. 3:19-cv-1206, 2020 WL 7770245, at *3 (N.D. Tex. Dec. 30, 2020) ("[Plaintiff] has the burden of pleading facts that, taken as true, permit the Court to infer 'that race was a but-for cause of [his] injury' in order to sustain his § 1981 discrimination claim.").

In short, Plaintiff's amended complaint offers no new factual allegations that would allow the Court to draw a reasonable inference of intentional race discrimination or a hostile work environment based on his race. The deficiencies identified in the Court's prior Memorandum and Recommendation remain uncured.

## B. Plaintiff is Not Entitled to Discovery Absent a Plausible Claim

Plaintiff argues that dismissal is premature because he has not been afforded the opportunity to conduct discovery. (ECF No. 26 at 3–5). This argument lacks merit. *See Jackson v. City of Hearne, Texas*, 959 F.3d 194, 202 (5th Cir. 2020) ("To get to discovery, [Plaintiff] must allege sufficient facts in his complaint to state a plausible claim for relief. 'Because [Plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.'" (citing *Ashcroft*, 556 U.S. at 678–79, 686)); *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 880 (N.D. Tex. 2018), *aff'd sub nom. Mohamed as Next Friend for A.M. v. Irving Indep. Sch. Dist.*, 758 F. App'x 352 (5th Cir. 2019) (unpublished) (granting motion to dismiss plaintiff's section 1983 equal-protection claim after concluding he failed to cure the pleading deficiencies previously pointed out by the court, where the court noted that "[b]efore proceeding to discovery, a plaintiff must plead enough facts to state a plausible claim for relief"). Because Plaintiff has failed to meet the pleading standard, his request for discovery cannot salvage his claims. Accordingly, Plaintiff's Motion to Compel Discovery (ECF No. 29) should be denied.[4]

---

[4] Additionally, as Powell Industries notes, Plaintiff did not properly serve discovery requests prior to filing his motion. (ECF No. 31 at 1). This provides an independent basis for denial.

## C. Leave to Amend Would be Futile

The remaining question is whether dismissal should be with prejudice. The Court concludes that it should.

Plaintiff was advised of the deficiencies in his original complaint and was afforded an opportunity to amend. (*See* ECF No. 25). However, Plaintiff failed to add any factual allegations addressing the identified defects. Instead, he repeats the same conclusory assertions and focuses on arguments regarding discovery. Dismissal with prejudice is appropriate where a plaintiff has been given an opportunity to amend and fails to cure the deficiencies. *See Galynsky v. Thomas*, No. 24-cv-202, 2024 WL 6884340, at *4 (S.D. Tex. Nov. 19, 2024), *aff'd*, No. 24-20559, 2025 WL 2945814 (5th Cir. Oct. 17, 2025) ("The dismissal is with prejudice because [Plaintiff] has been given the opportunity to amend his allegations, and he failed to cure the many deficiencies in his complaint.") Plaintiff's failure to provide additional factual support demonstrates that "[f]urther amendment would be futile." *Id.* at *4–5 (dismissing action with prejudice for failure to state a claim where the court gave plaintiff an opportunity to provide additional facts concerning alleged incidents of religious discrimination, but his response contained no facts other than those contained in his initial complaint).

10

## IV.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** Powell Industries's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 28) be **GRANTED**, Plaintiff's action be **DISMISSED WITH PREJUDICE**, and Plaintiff's Motion to Compel Discovery (ECF No. 29) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on April 20, 2026.

Richard W. Bennett
United States Magistrate Judge